

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00431-CR

———————————————

JUSTIN GLENN ALCOCER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1589641D

---

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANUDM OPINION**

A jury found Appellant Justin Glenn Alcocer guilty of assault–family violence with a prior conviction. *See* Tex. Penal Code Ann. § 22.01(a), (b)(2)(A) (setting forth the crime of assault–family violence and stating that it is a third-degree felony). The trial court sentenced Appellant to fourteen years' confinement after he pleaded true to the repeat-offender notices in the indictment. *See id.* §§ 12.33, 12.42(a).

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and an amended brief in support of that motion. In the amended brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's amended brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Appellant of counsel's motion to withdraw; (2) provided Appellant a copy of both the motion and amended brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Appellant the opportunity to file a response on his own behalf, and though he did not do so within

the time allotted, we construe a letter he filed to be his brief.[1] The State filed a letter stating that it would not be filing a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's amended brief, Appellant's late-filed brief, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

---

[1]On July 13, 2021, we sent Appellant a letter stating that if he wished to examine the record and file a pro se response, he needed to sign and date the motion for pro se access to the appellate record that his attorney had provided and send it to us within fourteen days. On August 13, 2021, we received Appellant's letter dated August 8, 2021, stating that he does not know the law in order to be able to represent himself but that his appellate counsel was insufficient and that he feels like he "got to[o] much time for a misdemeanor."

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 7, 2021